Charles Surginer v. The State.

No. 5387.   Decided December 17, 1919.

**Local Option—Other Transactions—Evidence.**

Where, upon trial of a violation of the local option law, the prosecuting witness testified over objections of defendant that a third party sold him whisky at defendant's place of business, and it was not shown that defendant was present when such sale was made, nor that he authorized or knew of the sale or that this was the sale upon which the proecution is predicated, the same was reversible error.

Appeal from the District Court of McLennan.   Tried below before the Hon. Rich'd I. Munroe, judge.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Tom Hamilton, J. A. Kibler, Black & Smedley,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

ON REHEARING.

December 17, 1919. ·

LATTIMORE, Judge.—This case is before us upon appellant's motion for a rehearing, in which the contention is made that in

our original opinion, in passing upon his third bill of exceptions, we erred in refusing to consider the same, for the reason stated by us, that as said bill appears in the record, it consists of a large number of questions and answers, to all of which a general objection was made, and that as some of said questions and answers were competent, this general objection was insufficient to call for our consideration.

We have concluded that there is merit in appellant's contention, and that the other questions and answers inserted in said bill anterior to the one directly seeking to connect appellant with the selling of the liquor inquired about, were but preliminary, and that we should have considered said bill as presenting appellant's objection to permitting the State to show by the prosecuting witness, Harris, that one Felix Girard sold the said Harris whisky at the place of business of appellant at other times than as laid in the instant case.

The evidence of Harris was inadmissible. He testified over objection that Felix Girard had sold him whisky at appellant's place of business. It is not shown that appellant was present when such sale was made, nor that he authorized or knew of the same; nor is this the sale upon which the prosecution is predicated. The evidence was very damaging to appellant, and in our opinion, the objection to the same should have been sustained.

The motion for rehearing is granted, the judgment of affirmance set aside, and the cause is reversed and remanded for a new trial.

*Reversed and remanded.*